UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

SEAN SHANAPHY, on behalf
of himself and others similarly situated,
      Plaintiff,

  v.                                                         Case No. 22-C-1016

KOHLS CORPORATION, et al.,
      Defendants.

## DECISION AND ORDER

This is a securities class action brought under 15 U.S.C. §§ 78j(b) and 78t(a) alleging the Kohls Corporation and several Kohls executives made false and misleading statements in order to artificially inflate its stock price. Thomas Frame and the Nova Scotia Health Employees' Pension Plan ("NSHEPP") have filed competing motions seeking appointment as lead plaintiff and approval of lead counsel.[1]

Securities class actions are governed by the Private Securities Litigation Reform Act ("PSLRA") which directs courts to determine the most adequate lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(i); *Asher v. Baxter Intern. Inc.*, 505 F.3d 736, 737 (7th Cir. 2007). When considering motions to serve as lead plaintiff, there is a presumption that the most adequate plaintiff is the person or group of persons that timely filed a motion, has the largest financial interest in the relief sought by the class, and otherwise satisfies the requirements of Fed. R. Civ. P. 23. 15 U.S.C. § 78u-4(a)(3)(B)(iii).

---

[1] Initially a third movant, Robert Adams, sought appointment as lead counsel but he has since withdrawn his motion. ECF no. 20.

Both Frame and NSHEPP timely filed their motions. The PSLRA does not provide a formula for determining which movant has the largest financial interest, but most courts agree that approximate losses suffered is the most important consideration. *City of Sterling Heights Gen. Employees' Ret. Sys. V. Hospira, Inc.*, 2012 WL 1339678, at *3 (N.D. Ill. Apr. 18, 2012). Frame asserts total losses of $222,532.24, exceeding NSHEPP's asserted losses of $170,836 by more than 20%.

Frame also satisfies the requirements of Rule 23. In the context of motions to appoint lead plaintiffs under the PSLRA, courts do not engage in a "wide-ranging analysis under Rule 23." *Lax v. First Merchants Acceptance Corp.*, 1997 WL 461036, *6 (N.D. Ill. Aug. 11, 1997). Rather, the movant need only make a preliminary showing that he satisfies the typicality and adequacy requirements. *Martingano v. American Int'l Grp., Inc.*, 2006 WL 1912724 at *4 (E.D.N.Y. 2006). Typicality is met when the claims arise from the same events, practice or course of conduct that gives rise to the claims of the other class members. *Lax*, 1997 WL 461036 at *6. Here, Frame's claims arise from the same alleged securities fraud as the other purported class members. The adequacy requirement is met if the lead plaintiff is represented by adequate counsel and has no claims that conflict with or are antagonistic to the class. *Retired Chi. Police Ass'n v. City of Chi.*, 7 F.3d 584, 598 (7th Cir. 1993). Frame is represented by Kahn Swick & Foti, LLC and, having reviewed their firm resume, I conclude that the firm has sufficient experience litigating securities class actions to adequately represent the proposed class. And there is no indication that Frame's claims conflict with or are antagonistic to those of the class. Accordingly, I will grant Frame's motion to serve as lead plaintiff and to appoint Kahn Swick & Foti as lead counsel.

For the reasons stated, **IT IS ORDERED** that the motion to appoint Thomas Frame as lead plaintiff at ECF no. 11 is **GRANTED**.

**IT IS FURTHER ORDERED** that the motions to appoint NSHEPP and Robert Adams as lead plaintiff at ECF nos. 14 and 17 are **DENIED.**

**IT IS FURTHER ORDERED** that that the motions to file sur-replies at ECF no. 31 and 32 are **DENIED.**

Dated at Milwaukee, Wisconsin, this 23rd day of May, 2023.

/s/Lynn Adelman
LYNN ADELMAN
United States District Judge