# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| SEAN SHANAPHY, Individually and on Behalf of All Others Similarly Situated,<br><br>         Plaintiff,<br><br>    v.<br><br>KOHL'S CORPORATION, MICHELLE GASS, JILL TIMM, MICHAEL BENDER, PETER BONEPARTH, YAEL COSSET, CHRISTINE DAY, H. CHARLES FLOYD, MARGARET JENKINS, THOMAS KINGSBURY, ROBBIN MITCHELL, JONAS PRISING, JOHN E. SCHLIFSKE, ADRIANNE SHAPIRA, and STEPHANIE A. STREETER,<br><br>         Defendants. | Case No. 2:22-cv-1016-LA |

## LEAD PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO NSHEPP'S MOTION FOR RECONSIDERATION PURSUANT TO RULE 54(b)

# TABLE OF CONTENTS

**Page:**

I.  PRELIMINARY STATEMENT ...........................................................................................1

II.  ARGUMENT.....................................................................................................................3

    A.  Mr. Frame Possesses Standing and Authority ........................................................ 3

    B.  NSHEPP's Effort to Disqualify Lead Plaintiff for His
           Well-Supported Offset Argument Fails................................................................... 4

    C.  The Court Correctly Found Lead Plaintiff Satisfied Rule 23 ................................. 6

III.  CONCLUSION..................................................................................................................7

Case 2:22-cv-01016-LA    Filed 06/16/23    Page 2 of 12    Document 37

# TABLE OF AUTHORITIES

**Page(s):**

**Cases**

*Abushawish v. Milwaukee Cty.*,
No. 20-cv-1914, 2023 U.S. Dist. LEXIS 48935 (E.D. Wis. Mar. 20, 2023) ....................... 2, 4

*Anderson v. Cieszynski*,
No. 20-cv-0562, 2021 U.S. Dist. LEXIS 222722 (E.D. Wis. Nov. 18, 2021) .................... 2, 5

*Bricklayers of W. Pa. Pension Plan v. Hecla Mining Co.*,
No. 12-cv-00042, 2012 U.S. Dist. LEXIS 97187 (D. Idaho July 12, 2012) ........................... 6

*Cambridge Ret. Sys. v. Mednax, Inc.*,
No. 18-cv-61572, 2018 U.S. Dist. LEXIS 207064 (S.D. Fla. Dec. 6, 2018) .......................... 5

*Christianson v. Colt Indus. Operating Corp.*,
486 U.S. 800, 108 S. Ct. 2166, 100 L. Ed. 2d 811 (1988) .......................................... 1

*Ferreira v. Funko, Inc.*,
No. 20-cv-02319, 2020 U.S. Dist. LEXIS 106515 (C.D. Cal. June 11, 2020) ....................... 5

*Griffin v. Sebuliba*,
No. 08-cv-0952, 2009 U.S. Dist. LEXIS 36001 (E.D. Wis. Apr. 9, 2009) ............................ 1

*Gronich v. Omega Healthcare Inv'rs., Inc.*,
No. 17-cv-8983, 2018 U.S. Dist. LEXIS 51934 (S.D.N.Y. Mar. 27, 2018) ........................... 7

*Guo v. Tyson Foods, Inc.*,
No. 21-cv-0552, 2023 U.S. Dist. LEXIS 95777 (E.D.N.Y. June 1, 2023) ............................. 7

*Guzman v. Comm'r of Soc. Sec.*,
No. 13-cv-14327, 2015 U.S. Dist. LEXIS 42306 (E.D. Mich. Mar. 31, 2015) ....................... 2

*In re Alcatel Alsthom Sec. Litig.*,
No. MDL 1263, 1999 U.S. Dist. LEXIS 24278 (E.D. Tex. June 7, 1999) ............................. 7

*In re Milestone Sci. Sec. Litig.*,
183 F.R.D. 404 (D.N.J. 1998) ....................................................................... 4

*In re Ribozyme Pharms. Secs. Litig.*,
192 F.R.D. 656 (D. Colo. 2000) ..................................................................... 6

*In re Superior Offshore Int'l, Inc. Sec. Litig.*,
No. 08-cv-0687, 2008 U.S. Dist. LEXIS 122005 (S.D. Tex. May 20, 2008) .......................... 3

*In re Vonage Initial Pub. Offering Sec. Litig.*,
No. 07-cv-0177, 2007 U.S. Dist. LEXIS 66258 (D.N.J. Sep. 6, 2007) ................................ 4

*Lax v. First Merchants Acceptance Corp.*,
No. 97-cv-2716, 1997 U.S. Dist. LEXIS 12432 (N.D. Ill. Aug. 11, 1997) ............................ 6

*Oto v. Metro. Life Ins. Co.*,
224 F.3d 601 (7th Cir. 2000) ........................................................................ 1

Case 2:22-cv-01016-LA    Filed 06/16/23    Page 3 of 12    Document 37

*Rothwell Cotton Co. v. Rosenthal & Co.*,
827 F.2d 246 (7th Cir. 1987) ................................................................................................... 1

*Schaffer v. Horizon Pharma PLC*,
No. 16-cv-1763, 2016 U.S. Dist. LEXIS 83175 (S.D.N.Y. June 27, 2016) ............................ 7

*Sedrak v. Callahan*,
987 F. Supp. 1063 (N.D. Ill. 1997) ........................................................................................ 1

*U.S. Neurosurgical, Inc. v. City of Chicago*,
No. 02-cv-4894, 2006 U.S. Dist. LEXIS 97659 (N.D. Ill. Mar. 21, 2006) ............................ 2

*Varghese v. China Shenghuo Pharm. Holdings, Inc.*,
589 F. Supp. 2d 388 (S.D.N.Y. 2008).................................................................................... 6

*Wiese v. Cmty. Bank of Cent. Wis.*,
552 F.3d 584 (7th Cir. 2009) ................................................................................................ 1

**Statutes**

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb) ............................................................................................. 5

**Other Authorities**

Practice Standards of the Hon. R. Brooke Jackson,
United States District Judge for the District of Colorado ........................................................ 2

**Rules**

Fed. R. Civ. P. 54(b) ...................................................................................................................... 1

iii

Lead Plaintiff Thomas Frame respectfully submits this opposition to NSHEPP's motion for reconsideration (ECF No. 35).

## I.       PRELIMINARY STATEMENT

Unwilling to accept the Court's straight-forward Order appointing Mr. Frame as Lead Plaintiff and approving his selection of Lead Counsel, NSHEPP seeks reconsideration pursuant to Fed. R. Civ. P. 54(b). But a "motion for reconsideration [under Rule 54(b)] serves a very limited purpose in federal civil litigation; it should be used only "to correct manifest errors of law or fact or to present newly discovered evidence."" *Griffin v. Sebuliba*, No. 08-cv-0952, 2009 U.S. Dist. LEXIS 36001, at \*3-4 (E.D. Wis. Apr. 9, 2009) (Adelman, J.) (quoting *Rothwell Cotton Co. v. Rosenthal & Co.*, 827 F.2d 246, 251 (7th Cir. 1987)). While "a court has the power to revisit prior decisions of its own," courts "should be loathe to do so in the absence of extraordinary circumstances such as where the initial decision was clearly erroneous and would work a manifest injustice." *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 817, 108 S. Ct. 2166, 100 L. Ed. 2d 811 (1988). A manifest error of law is the "wholesale disregard, misapplication, or failure to recognize controlling precedent." *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (quoting *Sedrak v. Callahan*, 987 F. Supp. 1063, 1069 (N.D. Ill. 1997)).

In the face of the Court's clear and concise application of the statutory framework to the lead plaintiff motions at issue, NSHEPP cannot come close to meeting this very high standard. Instead, it resorts to baseless and deeply unfortunate accusations that Lead Plaintiff (and by extension, Lead Counsel), committed a fraud on the Court. *See* ECF No. 36 (NSHEPP Br.) at 1, 5, 12, 15. As the Seventh Circuit has noted, "[t]here is a difference between zealously advocating for one's clients and unnecessarily disparaging opposing counsel." *Wiese v. Cmty. Bank of Cent. Wis.*, 552 F.3d 584, 591 (7th Cir. 2009). NSHEPP's motion bulldozes the distinction between zealous

1

advocacy and unprofessionalism.[1]

Aside from the baseless accusations undergirding NSHEPP's motion, its bid for reconsideration rests entirely on rehashed factual arguments the Court previously considered and rejected. *See* NSHEPP Br. at 15-16; *see, e.g.*, *Abushawish v. Milwaukee Cty.*, No. 20-cv-1914, 2023 U.S. Dist. LEXIS 48935, at *1 (E.D. Wis. Mar. 20, 2023) (Adelman, J.) ("Reconsideration is not an appropriate forum for rehashing previously rejected arguments.") (quotation omitted); *Anderson v. Cieszynski*, No. 20-cv-0562, 2021 U.S. Dist. LEXIS 222722, at *8 (E.D. Wis. Nov. 18, 2021) (Adelman, J.) (motions for reconsideration under Rule 54(b) "are not a vehicle for losing parties to reargue issues decided against them").

While NSHEPP claims the Court made six "errors," its arguments boil-down to three grievances. First, NSHEPP argues the Court erred in rejecting NSHEPP's arguments regarding Lead Plaintiff's standing and/or authority to assert losses stemming from each of the five accounts within which Mr. Frame purchased Kohl's stock, despite Lead Plaintiff's declaration clearly

---

[1] NSHEPP accuses Lead Plaintiff and Lead Counsel of making "extensive false and misleading factual arguments," submitting "false certifications, misleading loss charts, and incomplete or belated disclosures," filing "false and misleading papers" and "false sworn statements," and making a "false and misleading presentation throughout the briefing…." NSHEPP Br. at 1, 5, 12, 15. NSHEPP further attempts to denigrate Lead Plaintiff and Lead Counsel by accusing them of "a complete lack of candor" and displaying an "utter and disqualifying lack of **any** grasp of the Securities Exchange Act…." *Id.* at 5, 14 (emphasis in original). As observed by the court in *U.S. Neurosurgical, Inc. v. City of Chicago*, No. 02-cv-4894, 2006 U.S. Dist. LEXIS 97659, at *5 (N.D. Ill. Mar. 21, 2006), "[n]ot only are such attacks unnecessary and distracting from the issues in the case, they do not assist the court in resolving the matter and give the impression, whether accurate or not, that the position taken…is unsupported by the law or facts because it has resorted to such distractions." *See also Guzman v. Comm'r of Soc. Sec.*, No. 13-cv-14327, 2015 U.S. Dist. LEXIS 42306, at *11 (E.D. Mich. Mar. 31, 2015) ("[F]irmly-held beliefs and desires to advance a client's cause cannot justify inflammatory and baseless accusations…."). Put simply, "[l]ife is too short for that stuff." Practice Standards of the Hon. R. Brooke Jackson, United States District Judge for the District of Colorado, at 3 (discouraging the use of expressions in briefs such as "counsel attempts to mislead the court by stating," "the opponent's argument is 'outrageous' or 'absurd,' etc.")

2

evidencing standing and authority for all five accounts. *Id.* at 15 (errors 1-4). Second, NSHEPP claims the Court erred in its failure to "disqualify[]" Mr. Frame for arguing that NSHEPP's claimed losses should be offset by any Class Period gains on pre-Class Period purchases, despite substantial caselaw supporting Mr. Frame's position and the fact that Mr. Frame's losses are greater than NSHEPP's regardless of any offset. *Id.* at 16 (error 6). Finally, NSHEPP argues the Court erred in finding Lead Plaintiff satisfied Rule 23 and failing to grant its informal request for discovery as to Lead Plaintiff's adequacy, despite Mr. Frame's certification and declarations clearly demonstrating his adequacy and typicality to vigorously represent the Class and NSHEPP's utter failure to rebut the presumption in his favor. *Id.* at 14, 15 (error 5).

None of these arguments come close to meeting the high standard applicable under Rule 54(b). In short, NSHEPP seems to believe that if it repeats the same arguments louder and laces them with *ad hominem* attacks, the result should be different. As discussed below, Mr. Frame respectfully submits that it should not. NSHEPP's Motion should be denied.

## II. ARGUMENT

### A. Mr. Frame Possesses Standing and Authority

The main thrust of NSHEPP's motion for reconsideration (just like its earlier, unsuccessful motion for appointment as lead plaintiff) is that Lead Plaintiff does not possess standing and/or authority to assert claims respective to each of five accounts within which he purchased Kohl's common stock on behalf of himself, his family, and his family's business. *See* NSHEPP Br. at 15. But Mr. Frame submitted a declaration attesting to his "full authority, including the authority to sue, with respect to each of the five accounts." Suppl. Frame Decl. (ECF No. 23-3) at ¶ 2. And NSHEPP likewise ignores pertinent caselaw, previously cited by Lead Plaintiff, that supports the Court's finding that Lead Plaintiff possesses standing and/or authority for his transactions in each account. *See, e.g.*, *In re Superior Offshore Int'l, Inc. Sec. Litig.*, No. 08-cv-0687, 2008 U.S. Dist.

LEXIS 122005, at *7 (S.D. Tex. May 20, 2008) (appointing lead plaintiff who asserted losses from his transactions in four accounts owned by himself, his wife, and his two daughters); *In re Vonage Initial Pub. Offering Sec. Litig.*, No. 07-cv-0177, 2007 U.S. Dist. LEXIS 66258, at *36-37 (D.N.J. Sep. 6, 2007) (finding "group" consisting of a husband, wife, and the husband's investment vehicles, for which the husband "makes all investment decisions," "functions as a single person"); *In re Milestone Sci. Sec. Litig.*, 183 F.R.D. 404, 418 (D.N.J. 1998) (finding "group" consisting of a husband, wife, and the husband's investment vehicles, "serves the same statutory purpose as a 'person'").

Tellingly, NSHEPP does not cite *any* controlling precedent relating to Lead Plaintiff's standing and/or authority that the Court purportedly disregarded. *See* NSHEPP Br. at 5-11. While NSHEPP improperly rehashes its theories predicated on "Fed. R. Civ. P. 17(b)(3), Wisconsin law, the PSLRA, Fed. R. Civ. P. 23," and "the Texas Uniform Transfers to Minors Act ("TUTMA")" (NSHEPP Br. at 9-10), its failure to meaningfully articulate actual *controlling precedent* the Court ignored is fatal to its Motion. *See Abushawish*, 2023 U.S. Dist. LEXIS 48935, at *1 ("Reconsideration is not an appropriate forum for rehashing previously rejected arguments."). Instead, NSHEPP baselessly claims Mr. Frame misrepresented facts while NSHEPP presented "undisputed true facts." NSHEPP Br. at 11. Even if NSHEPP's argument here were meritorious (rather than scurrilous), it does not meet the very high standard for reconsideration under Rule 54(b).

### B. NSHEPP's Effort to Disqualify Lead Plaintiff for His Well-Supported Offset Argument Fails

NSHEPP complains that the Court committed error by failing to disqualify Mr. Frame for properly arguing that NSHEPP was required to offset recoverable losses with any profits attributable to the fraud. *See* NSHEPP Br. at 13, 16. As a preliminary matter, Mr. Frame possesses

the greatest financial interest regardless of whether NSHEPP should have offset its losses, rendering the issue moot for the purposes of this motion. Further, there is nothing new here, just a refrain from NSHEPP's same stale, unsuccessful motion for appointment. *See Anderson*, 2021 U.S. Dist. LEXIS 222722, at *8 (motions for reconsideration under Rule 54(b) "are not a vehicle for losing parties to reargue issues decided against them"). Lead Plaintiff presented substantial authority supporting his argument that lead plaintiff movants must net profits on Class Period sales of pre-Class Period purchases from their recoverable losses. NSHEPP identifies no newly discovered evidence, contrary controlling authority, or any other "manifest error" that would meet the exceptionally high standard under Rule 54(b), much less "disqualify" Mr. Frame for presenting a well-supported argument.

In *Cambridge Ret. Sys. v. Mednax, Inc.*, the court explained that "[t]he net gain from the sale during a class period of shares acquired prior to a class period can be relevant when assessing the amount of alleged losses among competing potential lead plaintiffs." No. 18-cv-61572, 2018 U.S. Dist. LEXIS 207064, at *13-14 (S.D. Fla. Dec. 6, 2018) (citation omitted). The *Mednax* court similarly noted, "[i]t wastes the Court's time when proposed lead plaintiffs…simply note that shares held prior to the Class Period were sold, without disclosing the net gain on the sale of those shares or, at minimum, carefully accounting for each of those shares." *Id.* at *13; *see also Ferreira v. Funko, Inc.*, No. 20-cv-02319, 2020 U.S. Dist. LEXIS 106515, at *18-19 (C.D. Cal. June 11, 2020) (disqualifying lead plaintiff movant for failing to provide "the cost basis of its pre-Class Period purchases" and attendant "failure to offset its claimed loss with gains for Funko securities purchased before the Class Period and sold during the Class Period").

NSHEPP's argument that such an offset is not embraced in class-wide damages formulations under the PSLRA (NSHEPP Br. at 2, 6, 16) is very wide of the mark and comes

nowhere close to meeting the Rule 54(b) standard. Simply put, the statutory framework for appointment of lead plaintiffs does not consider class-wide "damages." Rather, 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb) directs courts to assess movants' "financial interest." NSHEPP's "long-term capital gains" straw man (and unhelpful "illustrative diagram" (*see* ECF No. 32 at 13)) is an attempt to shoehorn class-wide damages analysis into an assessment of "financial interest," a practice which courts have explicitly rejected at this stage. *See, e.g.*, *Bricklayers of W. Pa. Pension Plan v. Hecla Mining Co.*, No. 12-cv-00042, 2012 U.S. Dist. LEXIS 97187, at *11 (D. Idaho July 12, 2012) ("The determination of damages is quite different from measuring financial interest, or losses, for purposes of selecting a presumed lead plaintiff. In fact, losses are a preliminary finding while damages require a good deal of competing evidence, and often competing expert testimony."); *In re Ribozyme Pharms. Secs. Litig.*, 192 F.R.D. 656, 661-62 (D. Colo. 2000) ("The lead plaintiff provision in the PSLRA does not use the term 'damages' but instead, 'largest financial interest'….I hold, therefore, that 'damages' under the PSLRA is not the proper test to determine largest financial interest."); *Varghese v. China Shenghuo Pharm. Holdings, Inc.*, 589 F. Supp. 2d 388, 396 n.5 (S.D.N.Y. 2008) (same).

Yet again, NSHEPP fails to meet the high standard for reconsideration.

## C.     The Court Correctly Found Lead Plaintiff Satisfied Rule 23

NSHEPP vaguely claims the Court "committed error by applying a pre-PSLRA standard for adequacy" in finding Lead Plaintiff satisfied Rule 23. NSHEPP Br. at 14. While NSHEPP never bothers to articulate what that supposed "pre-PSLRA" standard is, or how it differs from a 'post-PSLRA' standard, the Court made no error. In fact, the Court correctly determined that Lead Plaintiff satisfied the typicality and adequacy requirements of Rule 23, noting that "[i]n the context of motions to appoint lead plaintiffs under the PSLRA, courts do not engage in a "wide-ranging analysis under Rule 23."" Appointment Order (ECF No. 33) at 2 (quoting *Lax v. First Merchants*

6

*Acceptance Corp.*, No. 97-cv-2716, 1997 U.S. Dist. LEXIS 12432, at *21 (N.D. Ill. Aug. 11, 1997)). Because Mr. Frame's "claims arise from the same alleged securities fraud as the other purported class members" and he "is represented by adequate counsel and has no claims that conflict with or are antagonistic to the class," the Court rightly confirmed his typicality and adequacy under Rule 23. *Id.*

Importantly, "courts have broad discretion under Rule 23 to determine the adequacy of a proposed lead plaintiff." *Guo v. Tyson Foods, Inc.*, No. 21-cv-0552, 2023 U.S. Dist. LEXIS 95777, at *6 (E.D.N.Y. June 1, 2023). And Rule 23 discretion "undoubtedly applies to appointment of a lead plaintiff under the PSLRA." *Schaffer v. Horizon Pharma PLC*, No. 16-cv-1763, 2016 U.S. Dist. LEXIS 83175, at *5 (S.D.N.Y. June 27, 2016). Because NSHEPP does not, and cannot, explain how the Court's determination that Mr. Frame satisfies the requirements of Rule 23 disregarded controlling precedent, it cannot credibly argue the Court committed a "manifest error" warranting reconsideration under Rule 54(b).[2]

## III.   CONCLUSION

For all the foregoing reasons, Lead Plaintiff respectfully requests that NSHEPP's Motion be denied in full.

---

[2] Throughout its brief NSHEPP—a professional plaintiff already serving as lead plaintiff in three other pending securities litigations—rehashes its erroneous argument that it enjoys some "preferred status as an institutional investor under the PSLRA, as expressed by Congress." NSHEPP Br. at 15; *see id.* at 2, 11-12, 16. No such preference exists and this tired refrain offers NSHEPP no assistance with its motion here. Rather, the statutory framework of the PSLRA requires that the movant with the greatest financial interest who otherwise meets the requirements of Rule 23 be appointed lead plaintiff. *See, e.g.*, *Gronich v. Omega Healthcare Inv'rs., Inc.*, No. 17-cv-8983, 2018 U.S. Dist. LEXIS 51934, at *11 (S.D.N.Y. Mar. 27, 2018) ("[T]he statutory mechanism adopted by Congress favors institutional investors only insofar as they have the largest financial interest in the action and meet the requirements of Rule 23.") (internal citations omitted); *In re Alcatel Alsthom Sec. Litig.*, No. MDL 1263, 1999 U.S. Dist. LEXIS 24278, at *17 (E.D. Tex. June 7, 1999) ("Had Congress not wanted an individual to act as lead plaintiff, it could have created a presumption in favor of institutional investors; it chose not to do this.").

DATED: June 16, 2023

Respectfully submitted,

*/s/ Kim E. Miller*
Kim E. Miller
**KAHN SWICK & FOTI, LLC**
250 Park Avenue, 7th Floor
New York, NY 10177
Telephone: (212) 696-3730
Facsimile: (504) 455-1498
E-Mail: kim.miller@ksfcounsel.com

Lewis S. Kahn
**KAHN SWICK & FOTI, LLC**
1100 Poydras Street, Suite 960
New Orleans, LA 70163
Telephone: (504) 455-1400
Facsimile: (504) 455-1498
E-Mail: lewis.kahn@ksfcounsel.com

*Counsel for Lead Plaintiff Thomas Frame
and Lead Counsel for the Class*

K. Scott Wagner (SBN 1004668)
**ATTOLLES LAW, S.C.**
700 W. Virginia Street Suite 307
Milwaukee, Wisconsin 53204
Telephone: (414) 644-0391
Facsimile: (414) 455-0758
E-Mail: swagner@attolles.com

*Local Counsel for Lead Plaintiff Thomas
Frame and the Class*

8