| | |
|---|---|
| SEAN SHANAPHY, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>KOHL'S CORPORATION, MICHELLE GASS, JILL TIMM, MICHAEL BENDER, PETER BONEPARTH, YAEL COSSET, CHRISTINE DAY, H. CHARLES FLOYD, MARGARET JENKINS, THOMAS KINGSBURY, ROBBIN MITCHELL, JONAS PRISING, JOHN E. SCHLIFSKE, ADRIANNE SHAPIRA, and STEPHANIE A. STREETER,<br><br>Defendants. | No.: 2:22-cv-01016-LA<br><br>Class action<br><br>**ORAL ARGUMENT REQUESTED** |

**NOTICE OF POST-MOTION FACTS**
**SUPPORTING NSHEPP'S MOTION FOR RECONSIDERATION (ECF 35)**

Lead Plaintiff movant the Nova Scotia Health Employees' Pension Plan ("NSHEPP"), by and through its counsel, respectfully submits this Notice in further support of its fully briefed motion for reconsideration (ECF 35) ("Reconsideration Motion"), with respect to which NSHEPP respectfully requests a hearing be held as soon as the Court's calendar permits.

A core disputed fact at issue in the Reconsideration Motion and the underlying contested lead plaintiff briefing between NSHEPP and competing movant Thomas Frame is whether Mr. Frame could seek a lead plaintiff appointment in his *individual* capacity, by aggregating the trading losses of other, *unnamed* persons and entities, including a Texas limited partnership called Vienna Forest LP, that were part of a *de facto* *undeclared* investor *group*. Mr. Frame's submissions to this Court, both in the later rounds of lead plaintiff briefing (as the true owners of the trading accounts underlying his motion came to light) and in his Reconsideration Motion opposition, claimed that he could do so. NSHEPP argued to the contrary, explaining that while the PSLRA permits groups of investors to seek a lead appointment, to do so, they must declare *all* group members and their respective trading losses *up front at the statutory deadline* for lead plaintiff motions and must seek appointment of the *entire group* – as illustrated in the cases Mr. Frame cited. NSHEPP even redlined Mr. Frame's Certification and Loss Chart to reflect how he should have submitted them to the Court to comply with the PSLRA. *See* ECFs 30-5, 30-6.

Mr. Frame's new lead plaintiff motion in another lawsuit, *Peterson v. Stem, Inc., et al.*, No. 3:23-cv-02329-MMC (N.D. Cal.), filed days ago, *was structured exactly how NSHEPP has explained was necessary in this action*. There, like here, Mr. Frame sought to base his motion on the aggregation of both his own individual trading losses and those of Vienna Forest LP. *See Stem* ECF 33 (Exhibit 1 hereto). However, unlike here, Mr. Frame *expressly sought* in his *opening* motion papers the appointment of an *investor group* consisting of himself and Vienna

1

Forest LP, supported by a Certification (ECF 34-2 (Exhibit 2 hereto)), signed both individually and on behalf of Vienna Forest LP attesting that the transactions at issue were both his and those of Vienna Forest LP, and by a Loss Chart (ECF 34-3 (Exhibit 3 hereto)) ***clearly labeling*** and ***separating*** the stock transactions at issue into those that were in his own account and those that were in Vienna Forest LP's account.  Thus, Mr. Frame's actions in *Stem* have tacitly ***conceded*** the validity of NSHEPP's argument here, in that he followed the approach that NSHEPP said he should have followed here to comply with the PSLRA.  *Compare* ECFs 30-5, 30-6.

His failure to do so here means that his ***individual*** lead plaintiff motion in this case must be restricted as arising from ***only*** his ***individual*** trading losses, which are just ***$37,035***, and that it was an error to credit him with any additional losses in accounts owned by others, including Vienna Forest LP, as explained in NSHEPP's Reconsideration Motion opening and reply papers.

For these additional reasons, NSHEPP respectfully submits that its Reconsideration Motion should be granted.  NSHEPP respectfully reiterates its request that oral argument be held on its Reconsideration Motion on an expedited basis, particularly given Mr. Frame's pursuit of a scheduling order that would empower him to file an amended pleading in this action.

2

Dated:   July 14, 2023                    Respectfully submitted,

**POMERANTZ LLP**

*/s/ Matthew L. Tuccillo*

Matthew L. Tuccillo
(New York State Bar Number 5008750)
Jeremy A. Lieberman
(New York State Bar Number 4161352)
J. Alexander Hood II
(New York State Bar Number 5030838)
600 Third Avenue, 20th Floor
New York, NY 10016
Telephone: (212) 661-1100
Facsimile: (917) 463-1044
jalieberman@pomlaw.com
mltuccillo@pomlaw.com
ahood@pomlaw.com

*Counsel for the Nova Scotia Health Employees'*
*Pension Plan and Proposed Lead Counsel for*
*the Class*

3