# EXHIBIT 1

Robert V. Prongay (SBN 270796)
  rprongay@glancylaw.com
Charles H. Linehan (SBN 307439)
  clinehan@glancylaw.com
Pavithra Rajesh (SBN 323055)
  prajesh@glancylaw.com
GLANCY PRONGAY & MURRAY LLP
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160

*Counsel for Lead Plaintiff Movants Thomas Frame and Vienna Forest, LP and Proposed Co-Lead Counsel for the Class*

[Additional Counsel on Signature Page]

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT PETERSEN, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>STEM, INC. f/k/a STAR PEAK ENERGY TRANSITION CORP., JOHN CARRINGTON, ERIC SCHEYER, WILLIAM BUSH, MICHAEL D. WILDS, MICHAEL C. MORGAN, ADAM E. DALEY, ALEC LITOWITZ, DESIRÉE ROGERS, and C. PARK SHAPER,<br><br>Defendants. | Case No. 3:23-cv-02329-MMC<br><br>**NOTICE OF MOTION AND MOTION OF THOMAS FRAME AND VIENNA FOREST, LP FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF CO-LEAD COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date:      August 18, 2023<br>Time:     9:00 a.m.<br>Crtrm.:   7 – 19th Floor<br>Judge:    Maxine M. Chesney |

[Caption Continues on Next Page]

SAM FOLEY, Individually and on Behalf of All Others Similarly Situated,

         Plaintiff,

    v.

STEM, INC. f/k/a STAR PEAK ENERGY TRANSITION CORP., JOHN CARRINGTON, ERIC SCHEYER, WILLIAM BUSH, MICHAEL D. WILDS, MICHAEL C. MORGAN, ADAM E. DALEY, ALEC LITOWITZ, DESIRÉE ROGERS, and C. PARK SHAPER,

         Defendants.

Case No. 3:23-cv-03424-SK

## NOTICE OF MOTION AND MOTION

**TO THE CLERK OF THE COURT, ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that on August 18, 2023 at 2:00 p.m., or as soon thereafter as the matter can be heard in the courtroom of the Honorable Maxine M. Chesney, in Courtroom 7, 19th Floor, 450 Golden Gate Avenue, San Francisco, California 94102, Thomas Frame and Vienna Forest, LP ("Frame and Vienna Forest") will move this Court for entry of an Order: (i) consolidating the above-captioned actions; (ii) appointing Frame and Vienna Forest as Lead Plaintiff; (iii) approving Frame and Vienna Forest's selection of Glancy Prongay & Murray LLP and Holzer & Holzer, LLC as Co-Lead Counsel; and (iv) granting such other and further relief as the Court may deem just and proper.

This motion is brought pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 ("Exchange Act"), and the Securities Act of 1933 ("Securities Act"), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), 15 U.S.C. § 78u-4(a)(3)(B) and 15 U.S.C. § 77z-1(a)(3)(B), and the Federal Rules of Civil Procedure. In support of this Motion, Frame and Vienna Forest submit a Memorandum of Points and Authorities in support thereof and the Declaration of Charles H. Linehan and the exhibits attached thereto, and all of the prior pleadings and other files in this matter, and such other written or oral arguments as may be permitted by the Court.

This motion is made on the grounds that Frame and Vienna Forest are the most adequate plaintiff, as defined by the PSLRA, based on their significant losses suffered as a result of the Defendants' wrongful conduct as alleged in the above-referenced actions. Further, Frame and Vienna Forest satisfy the requirements of Rule 23(a) of the Federal Rules of Civil Procedure, as their claims are typical of other class members' claims and they will fairly and adequately represent the interests of the class.

MOTION FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF COUNSEL
Case No. 3:23-cv-02329-MMC

1

## MEMORANDUM OF POINTS AND AUTHORITIES

Frame and Vienna Forest respectfully submit this memorandum of law in support of their motion pursuant to the Federal Rules of Civil Procedure and the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, *et seq.* and 15 U.S.C. § 77z-1, *et seq.* (the "PSLRA") for an Order: (1) consolidating the above-captioned actions; (2) appointing Frame and Vienna Forest as Lead Plaintiff under 15 U.S.C. § 78u-4(a)(3)(B) and 15 U.S.C. § 77z-1(a)(3)(B); (3) approving Frame and Vienna Forest's selection of Glancy Prongay & Murray LLP ("GPM") and Holzer & Holzer, LLC ("Holzer") as Co-Lead Counsel pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v) and 15 U.S.C. § 77z-1(a)(3)(B)(v); and (4) granting such other relief as the Court may deem to be just and proper (the "Motion").

## I.      PRELIMINARY STATEMENT

This is a class action on behalf of persons and entities that purchased or otherwise acquired: Stem, Inc. ("Stem" or the "Company") f/k/a Star Peak Energy Transition Corp. ("STPK") securities (a) pursuant and/or traceable to the Offering Documents (defined below) issued in connection with the merger ("Merger") consummated on April 28, 2021 by and among the Company, STPK Merger Sub Corp. ("Merger Sub"), and Stem, Inc., a private Delaware corporation ("Legacy Stem"); and/or (b) between December 4, 2020 to April 3, 2023, both dates inclusive (the "Class Period").[1]

The PSLRA provides that the Court shall appoint the "most adequate plaintiff" as lead plaintiff—*i.e.* the plaintiff most capable of adequately representing the interests of class members. The PSLRA also provides a presumption that the most adequate plaintiff is the person or group of persons with the largest financial interest in the relief sought by the class who otherwise satisfies the adequacy and typicality requirements of Rule 23 of the Federal Rules of Civil Procedure.

Frame and Vienna Forest have "the largest financial interest in the relief sought by the class" as a result of Defendants' wrongful conduct as alleged in this action. In addition, for

---

[1] The class period in this action was originally March 4, 2021 to February 16, 2023. However, on July 10, 2023, one day before lead plaintiff motions were due, Plaintiff Sam Foley filed a complaint expanding the class period to be December 4, 2020 to April 3, 2023, inclusive.

purposes of this motion, Frame and Vienna Forest satisfy the relevant requirements of Rule 23 of the Federal Rules of Civil Procedure, as their claims are typical of other class members' claims, and they are committed to fairly and adequately representing the interests of the class. Thus, pursuant to the PSLRA's lead plaintiff provision, Frame and Vienna Forest respectfully submits that they are presumptively the most adequate plaintiff and should be appointed as lead plaintiff for the class.

Additionally, Frame and Vienna Forest's selection of GPM and Holzer as co-lead counsel for the class should be approved because the firms have substantial expertise in securities class action litigation and the experience and resources to efficiently prosecute this action.

## II.     FACTUAL BACKGROUND[2]

Stem purports to operate as a digitally connected and intelligent energy storage network provider in the U.S. and internationally.

The complaints filed in this action allege that Defendants made materially false and/or misleading statements, as well as failed to disclose material adverse facts about the Company's business, operations, and prospects, including that: (i) Legacy Stem suffered from material weaknesses in internal control over financial reporting related to accounting for deferred cost of goods sold and inventory, certain revenue recognition calculations, and internal-use capitalized software calculations; (ii) the Company had overstated Legacy Stem's and its own post-Merger business and financial prospects; (iii) Stem's software revenue did not make up 100% of the Company's services revenue; (iv) Stem had overstated the benefits expected to flow from its AP partnership; and (v) as a result, the Offering Documents and Defendants' public statements throughout the Class Period were materially false and/or misleading and failed to state information required to be stated therein.

These undisclosed facts were revealed to the market over a series of disclosures from March 15, 2021 through April 3, 2023, causing Stem's share price to decline precipitously, thereby injuring investors.

---

[2] This section is adapted from the complaint in the first-filed action.

### III.    PROCEDURAL BACKGROUND

On May 12, 2023, Plaintiff Scott Petersen commenced the first securities class action lawsuit against Stem and certain of its officers and directors, captioned *Petersen v. Stem, Inc.*, No. 3:23-cv-02329-MMC (the "*Petersen* Action"). The *Petersen* Action is brought on behalf of all persons and entities other than Defendants that purchased or otherwise acquired Stem securities: (a) pursuant and/or traceable to the Offering Documents issued in connection with the Merger; and/or (b) between March 4, 2021 and February 16, 2023, both dates inclusive.

On July 10, 2023, Plaintiff Sam Foley. commenced a second lawsuit, captioned *Foley v. Stem, Inc.*, No. 3:23-cv-03424-SK (the "*Foley* Action," and together with the *Petersen* Action, the "Related Actions"). The *Foley* Action is also brought on behalf of purchasers of Stem common stock from December 4, 2020 to April 3, 2023.

### IV.    ARGUMENT

#### A.    The Related Actions Should Be Consolidated

Consolidation of related cases is appropriate where the actions involve common questions of law and fact, and therefore, consolidation would avoid unnecessary cost, delay, and overlap in adjudication. *See* Fed. R. Civ. P. 42(a); *see also Mullen v. Wells Fargo & Co.*, No. 20-cv-07674, 2021 WL 965344, at *2 (N.D. Cal. Mar. 15, 2021) (consolidating actions "because the complaints involve common questions of fact and law").

Here, while the Related Actions differ, they present similar factual and legal issues. Both action allege similar false and misleading statements during the Class Period. Both actions allege claims under the same statutes. And the actions allege these claims against the same Defendants. As such, consolidation under Federal Rule of Civil Procedure 42(a) is appropriate.

#### B.    Frame And Vienna Forest Should Be Appointed Lead Plaintiff

The PSLRA provides the procedure for selecting a lead plaintiff in class actions brought under the federal securities laws. The PSLRA provides a "rebuttable presumption" that the "most adequate plaintiff"—*i.e.*, the plaintiff most capable of adequately representing the interests of the class—is the "person or group of persons" that:

(aa) has either filed the complaint or made a motion in response to a notice . . . ;

Case 2:22-cv-01010-LA   Filed 07/14/23   Page 7 of 13   Document 41-1

(bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(b)(iii)(I); 15 U.S.C. § 77z-1(a)(3)(b)(iii)(I).

The presumption in favor of appointing a plaintiff as lead plaintiff may be rebutted only upon proof "by a purported member of the plaintiff class" that the presumptively most adequate plaintiff:

(aa)    will not fairly and adequately protect the interest of the class; or

(bb)    is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(b)(iii)(II); 15 U.S.C. § 77z-1(a)(3)(b)(iii)(II).

As set forth below, Frame and Vienna Forest have complied with all of the PSLRA's requirements and satisfy all of the PSLRA criteria to be appointed lead plaintiff. Frame and Vienna Forest, to the best of their knowledge, have the largest financial interest in this litigation, satisfy the relevant requirements of Federal Rule of Civil Procedure 23 and are not aware of any unique defenses Defendants could raise against them that would render them inadequate to represent the class. Accordingly, Frame and Vienna Forest submit that they should be appointed lead plaintiff. *See In re Cavanaugh*, 306 F.3d 726, 730 (9th Cir. 2002) ("If the plaintiff with the largest financial stake in the controversy provides information that satisfies these requirements, he becomes the presumptively most adequate plaintiff").

### 1.    Frame And Vienna Forest Made A Timely Motion

Frame and Vienna Forest have made a timely motion in response to the PSLRA early notice. On May 12, 2023, pursuant to the PSLRA, notice was published in connection with this action. *See* Declaration of Charles H. Linehan ("Linehan Decl."), Ex. A. Therefore, Frame and Vienna Forest had sixty days (*i.e.*, until July 11, 2023) to file a motion to be appointed as lead plaintiff. Frame and Vienna Forest timely filed a motion for appointment as lead plaintiff within sixty days of the notice, in compliance with the PSLRA. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(aa); 15 U.S.C. § 77z-1(a)(3)(B)(iii)(I)(aa).

Additionally, as set forth in their PSLRA certifications, Frame and Vienna Forest attest that they have reviewed the complaint, adopts the allegations therein, and are willing to serve as representatives of the class. Linehan Decl., Ex. B. Accordingly, Frame and Vienna Forest satisfy the first requirement to serve as Lead Plaintiff for the class.

### 2. Frame And Vienna Forest Have The Largest Financial Interest In The Relief Sought By The Class

The PSLRA requires a court to adopt the rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii); 15 U.S.C. § 77z-1(a)(3)(B)(iii); *In re Gemstar-TV Guide Int'l. Sec. Litig.*, 209 F.R.D. 447, 450 (C.D. Cal. 2002). At the time of this filing, Frame and Vienna Forest believe that they have the largest financial interest among class members who filed timely applications for appointment as lead plaintiff and accordingly is presumed to be the "most adequate plaintiff."

Frame and Vienna Forest purchased Stem securities during the Class Period when Stem's stock price was artificially inflated by Defendants' misstatements and omissions and, as a result, suffered financial harm of approximately $430,075.11. *See* Linehan Decl., Ex. C. To the best of their knowledge, Frame and Vienna Forest are not aware of any other plaintiff or class member that has filed a motion for appointment as lead plaintiff who is claiming a larger financial interest. As such, Frame and Vienna Forest believe they have the "largest financial interest in the relief sought by the class," and thus satisfy the second PSLRA requirement to be appointed as lead plaintiff for the class.

### 3. Frame And Vienna Forest Satisfy The Requirement Of Rule 23 Of The Federal Rules Of Civil Procedure

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure. *See Cavanaugh*, 306 F.3d at 729-30. Rule 23(a) generally provides that a class action may proceed if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interest of the class.

Fed. R. Civ. P. 23(a).

In making its determination that putative lead plaintiffs satisfy the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification; instead, a *prima facie* showing that the movant satisfies the requirements of Rule 23 is sufficient. *See Hessefort v. Super Micro Computer, Inc.*, 317 F. Supp. 3d 1056, 1060 (N.D. Cal. 2018). At the lead plaintiff stage, "[t]he typicality and adequacy requirements of Rule 23 are the main focus" and "[e]xamination of the remaining requirements [of Rule 23] are deferred until the lead plaintiff moves for class certification."  *Richardson v. TVIA*, No. 06-cv-06304, 2007 WL 1129344, at *4 (N.D. Cal. Apr. 16, 2007) (citing *Cavanaugh*, 306 F.3d at 730); *In re Cendant*, 264 F.3d at 263 ("The initial inquiry . . . should be confined to determining whether the movant has made a *prima facie* showing of typicality and adequacy.").

### a)      Frame And Vienna Forest's Claims Are Typical

Rule 23(a)(3) of the Federal Rules of Civil Procedure requires that, "the claims . . . of the representative parties" be "typical of the claims . . . of the class." A proposed lead plaintiff's claims are typical if "other members have the same or similar injury . . . the action is based on conduct which is not unique to the named plaintiffs . . . and . . . other class members have been injured by the same course of conduct." *Hessefort v. Super Micro Computer, Inc.*, 317 F. Supp. 3d 1056, 1061 (N.D. Cal. 2018).

Here, Frame and Vienna Forest's claims are typical of the claims asserted by the proposed class. Like all members of the class, Frame and Vienna Forest purchased Stem securities during the Class Period and suffered losses as a result of their transactions. Like all members of the class, Frame and Vienna Forest allege that Defendants violated federal securities laws by disseminating materially misleading statements concerning Stem's operations and financial prospects. Frame and Vienna Forest's losses, like the losses suffered by all other members of the class, arise from the artificial inflation of Stem stock caused by Defendants' alleged misrepresentations and omissions.

Accordingly, Frame and Vienna Forest's interests and claims are typical of the interests and claims of the class.

**b)     Frame And Vienna Forest Are Adequate Representatives**

A lead plaintiff movants are adequate so long as they and their counsel have no conflicts of interest with other class members and they will prosecute the action vigorously on behalf of the class. *See Hessefort*, 317 F. Supp. 3d at 1061.

Here, Frame and Vienna Forest easily satisfy the adequacy requirements. Frame and Vienna Forest's financial interest demonstrates that they have a sufficient incentive to ensure vigorous advocacy. Frame and Vienna Forest have retained competent and experienced counsel with the resources and expertise to effectively prosecute this action. *See* Linehan Decl., Ex. D (the firm's résumé). In addition, Frame and Vienna Forest are not aware of any conflict between their claims and those asserted on behalf of the class. As such, Frame and Vienna Forest satisfies the typicality and adequacy requirements of Rule 23, and should be appointed as lead plaintiff.

**C.     The Court Should Approve Lead Plaintiff's Choice Of Counsel**

The PSLRA vests authority in the lead plaintiff to select and retain counsel, subject to approval of the Court. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v); 15 U.S.C. § 77z-1(a)(3)(B)(v); *Bodri v. Gopro, Inc.*, No. 16-cv-00232, 2016 WL 1718217, at *5 (N.D. Cal. Apr. 28, 2016) ("Congress gave the lead plaintiff, and not the court, the power to select a lawyer for the class.") (quoting *Cavanaugh*, 306 F.3d at 739 n.11).

Here, Frame and Vienna Forest have selected GPM and Holzer as co-lead counsel for the class. As reflected by the firms' résumés, attached to the Linehan Decl. as Exs. D and E, the Court may be assured that, by granting Frame and Vienna Forest's motion, the class will receive the highest caliber of legal representation. Accordingly, the Court should approve Frame and Vienna Forest's selection of counsel.

**V.     CONCLUSION**

For the foregoing reasons, Thomas Frame and Vienna Forest, LP asks the Court to grant their motion and enter an Order: (i) consolidating the Related Actions; (ii) appointing Frame and Vienna Forest as Lead Plaintiff; (iii) approving Frame and Vienna Forest's selection of GPM and

Holzer as Co-Lead Counsel; and (iv) granting such other and further relief as the Court may deem just and proper.

DATED:  July 11, 2023                    Respectfully submitted,

                                         **GLANCY PRONGAY & MURRAY LLP**

                                         By:   */s/ Charles H. Linehan*
                                         Robert V. Prongay
                                         Charles H. Linehan
                                         Pavithra Rajesh
                                         1925 Century Park East, Suite 2100
                                         Los Angeles, California 90067
                                         Telephone: (310) 201-9150
                                         Facsimile: (310) 201-9160
                                         Email:  rprongay@glancylaw.com
                                                 clinehan@glancylaw.com
                                                 prajesh@glancylaw.com

                                         **HOLZER & HOLZER, LLC**
                                         Corey D. Holzer
                                         211 Perimeter Center Parkway, Suite 1010
                                         Atlanta, Georgia 30346
                                         Telephone: (770) 392-0090
                                         Facsimile: (770) 392-0029

                                         *Counsel for Lead Plaintiff Movants Thomas Frame and Vienna Forest, LP and Proposed Co-Lead Counsel for the Class*

MOTION FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF COUNSEL
Case No. 3:23-cv-02329-MMC                                                                    9

**PROOF OF SERVICE BY ELECTRONIC POSTING**

I, the undersigned, say:

I am not a party to the above case and am over eighteen years old. On July 11, 2023, I served true and correct copies of the foregoing document, by posting the document electronically to the ECF website of the United States District Court for the Northern District of California, for receipt electronically by the parties listed on the Court's Service List.

I affirm under the penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on July 11, 2023, at Los Angeles, California.

*/s/ Charles H. Linehan*
Charles H. Linehan

MOTION FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF COUNSEL
Case No. 3:23-cv-02329-MMC