# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

SEAN SHANAPHY, on behalf
of himself and others similarly situated,
      Plaintiff,

    v.                                Case No. 22-C-1016

KOHLS CORPORATION, et al.,
      Defendants.

---

## DECISION AND ORDER

This is a securities class action brought under 15 U.S.C. §§ 78j(b), 78t(a) alleging the Kohls Corporation made false and misleading statements in order to artificially inflate its stock price. Lead Plaintiff Movant the Nova Scotia Health Employees' Pension Plan ("NSHEPP") has filed a Motion for Reconsideration, ECF No. 35, of this Court's order appointing Thomas Frame as Lead Plaintiff, ECF No. 33.

Non-final orders "may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b). Motions to reconsider under Rule 54(b) are judged by "largely the same standards" as motions to alter or amend a judgment under Rule 59(e). *Ghashiyah v. Frank*, 2008 WL 680203, at *3 (E.D. Wis. Mar. 10, 2008) (citing *Rothwell Cotton Co. v. Rosenthal & Co.,* 827 F.2d 246, 251 (7th Cir.1987). A Court may grant a Rule 59(e) motion if a movant points to evidence in the record that clearly establishes a manifest error of law or fact or presents newly discovered evidence. *Miller v. Safeco Ins. Co. of Am.*, 683 F.3d 805, 813 (7th Cir. 2012).

"A manifest error is not demonstrated by the disappointment of the losing party. It is the wholesale disregard, misapplication, or failure to recognize controlling precedent." *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (internal quotations omitted). A party moving for reconsideration bears a heavy burden, and its motion must be supported by a showing of extraordinary circumstances. *Mahurkar v. C.R. Bard, Inc.*, 2003 WL 22844237, at *1 (N.D. Ill. Dec. 1, 2003) (citing *Caisse Nationale de Credit Agricole v. CBI Industries, Inc.*, 90 F.3d 1264, 1270 (7th Cir. 1996)). "Such motions are disfavored and should be 'rare.'" *Acantha LLC v. DePuy Orthopaedics Inc.*, No. 15-C-1257, 2018 WL 2290715, at *1 (E.D. Wis. May 19, 2018) (quoting *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990)).

The Private Securities Litigation Reform Act ("PSLRA") establishes a presumption that the most adequate plaintiff to serve as lead plaintiff is the person or group of persons with the largest financial interest in the relief sought by the class who otherwise satisfies the requirements of Federal Rule of Civil Procedure 23. 15 U.S.C. § 78u-4(a)(3)(B)(iii). Mr. Frame is entitled to the presumption as movant with the highest total of approximate losses suffered. Mr. Frame also satisfies the typicality and adequacy requirements of Rule 23.

In its motion, NSHEPP points to no newly discovered evidence. Nor does NSHEPP raise any new arguments not found in the briefing for movants' lead plaintiff motions. NSHEPP has not shown that this Court's order contains a manifest error of fact or law. Therefore, I will deny NSHEPP's motion for reconsideration.

2

For the reasons stated, **IT IS ORDERED** that NSHEPP's Motion for Reconsideration at ECF No. 35 is **DENIED**.

Dated at Milwaukee, Wisconsin, this 5th day of October, 2023.


/s/ Lynn Adelman
LYNN ADELMAN
United States District Judge

3