# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

SEAN SHANAPHY, Individually and on
Behalf of All Others Similarly Situated,

                    Plaintiff,

        v.

KOHL'S CORPORATION, MICHELLE
GASS, JILL TIMM, MICHAEL BENDER,
PETER BONEPARTH, YAEL COSSET,
CHRISTINE DAY, H. CHARLES FLOYD,
ROBBIN MITCHELL, JONAS PRISING,
JOHN E. SCHLIFSKE, ADRIANNE
SHAPIRA, and STEPHANIE A. STREETER,

                    Defendants.

Case No. 2:22-cv-01016-LA

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO
CONSIDER DOCUMENTS UNDER THE INCORPORATION-BY-REFERENCE
<u>DOCTRINE OR BY JUDICIAL NOTICE</u>**

## I.    INTRODUCTION

Pursuant to the incorporation-by-reference doctrine and Federal Rule of Evidence 201, Defendants Kohl's Corporation ("Kohl's"), Michelle Gass, Jill Timm, Michael Bender, Peter Boneparth, Yael Cosset, Christine Day, H. Charles Floyd, Robbin Mitchell, Jonas Prising, John E. Schlifske, Adrianne Shapira, and Stephanie A. Streeter (collectively "Defendants") respectfully request that the Court consider the following documents, which are attached to the Declaration of Jordan D. Cook.  Defendants submit these documents in support of their Motion to Dismiss the Amended Class Action Complaint for Violations of Federal Securities Laws ("Motion"):

| | |
|---|---|
| **Exhibit A** | Kohl's Form 10-K for the fiscal year ended January 30, 2021, filed with the Securities and Exchange Commission ("SEC") on March 18, 2021, which is publicly available at www.sec.gov/edgar. |
| **Exhibit B** | Kohl's Form 8-K, filed with the SEC on October 20, 2020, including Exhibit 99.1 entitled, "Investor Presentation," which is publicly available at www.sec.gov/edgar, and is incorporated by reference in paragraphs 4, 29, 30, 67, 109, 110, 111, 112, 114, 116, 117, 118, 119, 121, 122, 124, 126, 127, 142, 143, 146, 148, 149, 150, 186, 189, and 193 of the Amended Complaint. |
| **Exhibit C** | Kohl's Form DEFC14A Proxy Statement entitled, "2022 Notice of Annual Meeting & Proxy Statement," filed with the SEC on March 17, 2022, which is publicly available at www.sec.gov/edgar, and is incorporated by reference in paragraphs 55, 122, 176, 181, and 190 of the Amended Complaint. |
| **Exhibit D** | Kohl's Form 8-K, filed with the SEC on February 22, 2021, including Exhibit 99.1 entitled, "Kohl's Comments on Investor Statement and Director Nominations," which is publicly available at www.sec.gov/edgar, and is incorporated by reference in paragraph 33 of the Amended Complaint. |
| **Exhibit E** | Kohl's Form 8-K, filed with the SEC on April 14, 2021, including Exhibit 99.1 entitled, "Kohl's and Investor Group Reach Agreement," which is publicly available at www.sec.gov/edgar, and is incorporated by reference in paragraph 36 of the Amended Complaint. |

1

| | |
|---|---|
| **Exhibit F** | Kohl's press release entitled "Kohl's Comments on Macellum's Statement and Reaffirms Strategic Progress," published on January 18, 2022, which is publicly available at https://corporate.kohls.com, and is incorporated by reference in paragraphs 3, 43, 47, 129, 131, and 155 of the Amended Complaint. |
| **Exhibit G** | Kohl's press release entitled "Kohl's Confirms Receipt of Expressions of Interest," published on January 24, 2022, which is publicly available at https://corporate.kohls.com, and is incorporated by reference in paragraphs 47, 131, and 155 of the Amended Complaint. |
| **Exhibit H** | Kohl's Form 8-K, filed with the SEC on February 4, 2022, including Exhibit 99.1 entitled, "Kohl's Board of Directors Provides Update on Review of Unsolicited Expressions of Interest," which is publicly available at www.sec.gov/edgar, and is incorporated by reference in paragraphs 51, 52, 127, 132, 134, and 173 of the Amended Complaint. |
| **Exhibit I** | Kohl's Form DEFA14A, filed with the SEC on February 10, 2022, including a press release entitled, "Kohl's Responds to Director Nominations from Macellum Advisors; Company Reaffirms Commitment to Maximize Value for All Shareholders," which is publicly available at www.sec.gov/edgar, and is incorporated by reference in paragraph 173 of the Amended Complaint. |
| **Exhibit J** | Kohl's Form 8-K, filed with the SEC on March 1, 2022, including Exhibit 99.1 entitled, "Kohl's Reports Fourth Quarter and Full Year Fiscal 2021 Financial Results," which is publicly available at www.sec.gov/edgar, and is incorporated by reference in paragraph 62 of the Amended Complaint. |
| **Exhibit K** | Kohl's Form 8-K, filed with the SEC on March 21, 2022, including Exhibit 99.1 entitled, "Kohl's Provides Update on Ongoing Review of Expressions of Interest," which is publicly available at www.sec.gov/edgar, and is incorporated by reference in paragraphs 66, 137, and 173 of the Amended Complaint. |
| **Exhibit L** | Kohl's Form DEFA14A, filed with the SEC on April 21, 2022, including an investor presentation entitled, "The Right Team to Maximize Shareholder Value," which is publicly available at www.sec.gov/edgar, and is incorporated by reference in paragraphs 124, 144, 173, and 193 of the Amended Complaint. |

| | |
|---|---|
| **Exhibit M** | Kohl's Form 8-K, filed with the SEC on May 19, 2022, including Exhibit 99.1 entitled, "Kohl's Reports First Quarter Fiscal 2022 Financial Results," which is publicly available at www.sec.gov/edgar, and is incorporated by reference in paragraph 80 of the Amended Complaint. |
| **Exhibit N** | Kohl's Form 8-K, filed with the SEC on June 6, 2022, including Exhibit 99.1 entitled, "Kohl's Board of Directors Enters into Three-Week Exclusive Negotiations with Franchise Group," which is publicly available at www.sec.gov/edgar, and is incorporated by reference in paragraphs 88, 137, and 162 of the Amended Complaint. |
| **Exhibit O** | Kohl's Form 8-K, filed with the SEC on July 1, 2022, including Exhibit 99.1 entitled, "Kohl's Concludes Strategic Review Process," which is publicly available at www.sec.gov/edgar, and is incorporated by reference in paragraphs 94, 101, 140, 164, and 195 of the Amended Complaint. |
| **Exhibit P** | Transcript of Kohl's earnings call for the first quarter of fiscal year 2022 held on May 19, 2022, which is publicly available at https://seekingalpha.com, and is incorporated by reference in paragraphs 67, 81, 82, 139, 158, 182, and 197 of the Amended Complaint. |
| **Exhibit Q** | Kohl's Form 8-K filed with the SEC on May 19, 2022, including Exhibit 99.1 entitled, "Kohl's Reports First Quarter Fiscal 2022 Financial Results," which is publicly available at www.sec.gov/edgar, and is incorporated by reference in paragraph 80, 83, 156 of the Amended Complaint. |
| **Exhibit R** | Kohl's Form DEFA14A, filed with the SEC on March 31, 2022, including a letter to shareholders, entitled, "Kohl's Sends Letter to Shareholders Highlighting Board Leadership and Robust Process," which is publicly available at www.sec.gov/edgar, and is incorporated by reference in paragraphs 67, 121, 122, and 123 of the Amended Complaint. |
| **Exhibit S** | Kohl's Form 8-K filed with the SEC on May 19, 2020, including Exhibit 99.1 entitled, "Kohl's Corporation Reports Financial Results," which is publicly available at www.sec.gov/edgar. |
| **Exhibit T** | Kohl's Form 8-K filed with the SEC on May 20, 2021, including Exhibit 99.1 entitled, "Kohl's Reports First Quarter Fiscal 2021 Financial Results," which is publicly available at www.sec.gov/edgar. |

3

| **Exhibit U** | Kohl's press release entitled, "Kohl's Announces Locations of 250 New Sephora at Kohl's Opening This Year," published on March 22, 2023, which is publicly available at https://corporate.kohls.com. |
|---|---|

## II.  ARGUMENT

In ruling on a motion to dismiss a complaint brought under the federal securities laws, "courts *must* consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007) (emphasis added); *see also Geinosky v. City of Chicago*, 675 F.3d 743, 745 n.1 (7th Cir. 2012) (when ruling on a motion to dismiss, courts consider "documents attached to the complaint, documents that are critical to the complaint and referred to in it, and information that is subject to proper judicial notice").  Documents that are integral to a complaint may be considered regardless of whether they are physically attached to the complaint.  *See Tellabs*, 551 U.S. at 322; *Geinosky*, 675 F.3d at 745 n.1; *Tierney v. Vahle*, 304 F.3d 734, 738 (7th Cir. 2002).

In addition, Federal Rule of Evidence "201(b)(2) permits the court to take judicial notice of facts that 'can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned,'" including "when considering a Rule 12(b)(6) motion." *Fosnight v. Jones*, 41 F.4th 916, 922 (7th Cir. 2022) (quoting Fed. R. Evid. 201(b)(2)).  A fact is judicially noticeable if it is "not subject to reasonable dispute because it:  (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(b).  Courts within this Circuit regularly take judicial notice of relevant public disclosure documents required to be filed with the SEC, which are capable of accurate and ready determination by resort to sources whose

4

accuracy cannot reasonably be questioned. *See, e.g.*, *Garden City Emps. Ret. Sys. v. Anixter Int'l, Inc.*, No. 09-CV-5641, 2011 WL 1303387, at \*16 (N.D. Ill. Mar. 31, 2011) (judicially noticing SEC filings); *Sw. Carpenters Pension Tr. v. Merge Techs., Inc.*, No. 06-C-349, 2008 WL 11381377, at \*5 n.4 (E.D. Wis. Mar. 31, 2008) (taking judicial notice of "press releases, documents filed with the SEC, and certain public reports"); *In re Guidant Corp. Sec. Litig.*, 536 F. Supp. 2d 913, 921 (S.D. Ind. 2008) (taking judicial notice of 10-K and 8-K forms filed with the SEC). The Court "must take judicial notice if a party requests it and the court is supplied with the necessary information." Fed. R. Evid. 201(c)(2).

As explained below, each of the Exhibits is incorporated by reference in Plaintiff's Amended Class Action Complaint ("Amended Complaint" or "AC"), subject to judicial notice, or both. The Court should thus consider all of the Exhibits in adjudicating Defendants' Motion.[1]

**A.**    **Exhibits A-R Are Incorporated by Reference in the Amended Complaint**

**Exhibits A-R** are incorporated by reference in the Amended Complaint because they (i) include the statements Plaintiff challenges as false or misleading; (ii) are relied upon to establish Plaintiff's theory of liability that Defendants misrepresented the success of Kohl's Strategic Plan; (iii) are necessary to give context to the challenged forward-looking statements, and/or (iv) are alleged corrective disclosures used to establish loss causation. Many are cited and/or quoted in the Amended Complaint, but they are all integral to Plaintiff's claims and incorporated by reference.

**Exhibits F, G, H, K, L, N, and R** (Forms 8-K, proxy statement, and Kohl's publicly-filed press releases) are incorporated by reference in the Amended Complaint and should be considered

---

[1] Terms not otherwise defined in this Request have the same meaning and definition as in the accompanying Motion.

by the Court in evaluating Defendants' Motion. Plaintiff asserts that Defendants made false or misleading statements, or omitted material facts, in each of these filings. *See* AC ¶¶ 121-22, 124, 127, 129, 131-32, 134, 137, 144. Because Plaintiff relies on and quotes extensively from these Exhibits to assert claims under Sections 10(b) and 14(a) of the Exchange Act, they are integral to Plaintiff's claims and incorporated by reference into the Amended Complaint. *See Plumbers and Pipefitters Loc. Union No. 630 Pension-Annuity Tr. Fund v. Allscripts-Misys Healthcare Sols., Inc.*, 778 F. Supp. 2d 858, 880 n.9 (N.D. Ill. 2011) (considering documents containing allegedly false and misleading statements as incorporated by reference in the complaint).

**Exhibits B, C, D, E, I, J, and P** (Form 8-K, Kohl's publicly-filed press releases, 1Q22 earnings call transcript, and proxy statement) are also incorporated by reference into the Amended Complaint. One of Plaintiff's (insufficient) theories of liability is that Defendants misleadingly attributed Kohl's success to its Strategic Plan (**Exhibit B**) to stave off proxy challenges led by Macellum Advisors GP, LLC, misrepresent the status of the sale process (or purportedly withhold relevant information), and retain control over Kohl's. *See, e.g.*, AC ¶ 3. Plaintiff relies on, quotes extensively from, and/or cites to each of these Exhibits to support its theory of liability. *See id.* ¶¶ 4, 29, 33, 36, 55, 62, 67, 81-82, 109-12, 114, 116-19, 121-22, 124, 126-27, 139, 142-43, 146, 148-50, 158, 173, 176, 181-82, 186, 190, 193, 197. These Exhibits are thus incorporated by reference.

**Exhibit A** (FY 2020 Form 10-K) is also incorporated into the Amended Complaint. Plaintiff challenges several forward-looking statements made during earnings calls and in Kohl's SEC filings. *See* AC ¶¶ 110-11, 117, 119, 142, 144, 148; *see also* Mot. at 18-19. During those calls and in Kohl's SEC filings, Defendants explained that "[a]ctual results [may] differ materially" from those implied by the forward-looking statements and directed investors to review

6

Kohl's Form 10-Ks (*e.g.*, **Exhibit A**) for a discussion of the material risks. *See, e.g.*, **Exhibit B** at 2, 6; **Exhibit E** at 2; **Exhibit J** at 3, 6; **Exhibit P** at 3. In assessing whether forward-looking statements are actionable, courts "must . . . read the allegedly fraudulent materials—including the cautionary language[.]" *Oklahoma Firefighters Pension & Ret. Sys. v. Xerox Corp.*, 300 F. Supp. 3d 551, 567 (S.D.N.Y. 2018), *aff'd sub nom. Arkansas Pub. Emps. Ret. Sys. v. Xerox Corp.*, 771 F. App'x 51 (2d Cir. 2019) (internal citations omitted); *Desai v. Gen. Growth Props., Inc.*, 654 F. Supp. 2d 836, 844 (N.D. Ill. 2009) ("[C]autionary statements contained in SEC filings, so long as they were available when the purportedly misleading statements cited by Plaintiffs were made . . . may be considered by this Court"). **Exhibit A** is thus incorporated by reference.

**Exhibits M, O, Q** (Forms 8-K), and **P** (1Q22 earnings call transcript) are also incorporated into the Amended Complaint. Plaintiff claims that statements within these Exhibits served as corrective disclosures that revealed the "truth" about Defendants' purported fraud. AC ¶¶ 156-60, 164. Since Plaintiff relies on these Exhibits to attempt to plead loss causation—a necessary element of Plaintiff's securities fraud claims—they are incorporated by reference. *See, e.g., In re PetroChina Co. Sec. Litig.*, 120 F. Supp. 3d 340, 354, 368 (S.D.N.Y. 2015) (company filing alleged to be a "corrective disclosure" was incorporated-by-reference into the complaint and properly considered in connection with motion to dismiss), *aff'd sub nom. Klein v. PetroChina Co.*, 644 F. App'x 13 (2d Cir. 2016); *Denny v. Canaan Inc.*, No. 21 Civ. 3299 (JPC), 2023 WL 2647855, at *5 n.4 (S.D.N.Y. Mar. 27, 2023) (earnings call transcript and press release incorporated by reference).

### B.      All Exhibits Are Subject to Judicial Notice

Even if the Exhibits were not incorporated by reference, judicial notice of each is proper under Federal Rule of Evidence 201(b)(2).

Kohl's SEC filings (**Exhibits A-E, H-O, and Q-T**) are judicially noticeable. Courts

routinely take judicial notice of SEC filings in connection with motions to dismiss securities class actions. *See, e.g.*, *Pugh v. Tribune Co.*, 521 F.3d 686, 691 n.2 (7th Cir. 2008) (judicially noticing "documents in the public record" to affirm the dismissal of a securities class action); *Sw. Carpenters Pension Tr.*, 2008 WL 11381377, at \*5 n.4 ("consider[ing] judicially noticed documents," including "press releases, documents filed with the SEC, and certain public reports"); *In re Guidant Corp. Sec. Litig.*, 536 F. Supp. 2d at 921 ("Among the documents of which a court may take judicial notice are public records, including SEC filings."). Because these materials are required by law to be filed with the SEC, and each is capable of accurate and ready determination via the SEC's public website at www.sec.gov/edgar, "no serious question as to their authenticity can exist." *Kramer v. Time Warner, Inc.*, 937 F.2d 767, 774 (2d Cir. 1991). The Court may therefore properly consider **Exhibits A-E, H-O,** and **Q-T** in deciding Defendants' motion.

Kohl's 1Q22 earnings call transcript (**Exhibit P**) and press releases (**Exhibits F, G,** and **U**) are also judicially noticeable. These Exhibits (i) are publicly available at websites like https://seekingalpha.com and https://corporate.kohls.com (as is clear from Plaintiff's repeated citation to and quotation of them, *see, e.g.*, AC ¶¶ 3, 43, 47, 81-82, 129, 131, 139, 155, 182, 197), (ii) are not subject to reasonable dispute, and (iii) can be accurately determined from sources whose accuracy cannot reasonably be questioned. *See* Fed. R. Evid. 201(b). Courts routinely take judicial notice of earnings call transcripts when considering a motion to dismiss. *See, e.g.*, *City of Birmingham Ret. & Relief Sys. v. A.O. Smith Corp.*, 468 F. Supp. 3d 1048, 1051 (E.D. Wis. 2020) (considering and judicially noticing earnings call transcripts); *Frankfurt-Tr. Inv. Luxemburg AG v. United Techs. Corp.*, 336 F. Supp. 3d 196, 205 (S.D.N.Y. 2018), *aff'd sub nom. Kapitalforeningen Lægernes Inv. v. United Techs. Corp.*, 779 F. App'x 69 (2d Cir. 2019) (taking judicial notice of earnings call transcripts); *Menominee Indian Tribe of Wisconsin v. U.S. Dep't of*

*Interior*, No. 09-C-496, 2010 WL 4628916, at *4 (E.D. Wis. Nov. 4, 2010) (taking judicial notice of a press release because it is "not subject to reasonable dispute").

## III.    CONCLUSION

As **Exhibits A-U** are incorporated by reference and/or properly subject to judicial notice— either of which allows the Court to consider them—Defendants respectfully request that the Court consider these Exhibits when adjudicating Defendants' Motion to Dismiss.

Dated: December 4, 2023

Respectfully submitted,

/s/  *Colleen C. Smith*
Colleen C. Smith

**LATHAM & WATKINS LLP**
Colleen C Smith
12670 High Bluff Drive
San Diego, CA 92130
Telephone: (858) 523-5400
Facsimile: (858) 523-5450
colleen.smith@lw.com

Michele D. Johnson
Jordan D. Cook
650 Town Center Drive, 20th Floor
Costa Mesa, CA 92626
Telephone: (714) 540-1235
Facsimile: (714) 755-8290
michele.johnson@lw.com
jordan.cook@lw.com

Zachary L. Rowen
1271 Avenue of the Americas
New York, NY 10020
Telephone: (212) 906-1200
Facsimile: (212) 751-4864
zachary.rowen@lw.com

**GODFREY & KAHN SC**
John L. Kirtley
Matthew M. Wuest
Christie B. Carrino
833 East Michigan Street, Suite 1800

9

Milwaukee, WI 53202-5615
Telephone: (414) 273-3500
Facsimile: (414) 273-5198
jkirtley@gklaw.com
mwuest@gklaw.com
ccarrino@gklaw.com

*Attorneys for Defendants*

10