## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

SEAN SHANAPHY, Individually and on Behalf of All Others Similarly Situated,

Plaintiff,

v.

KOHL'S CORPORATION, MICHELLE GASS, JILL TIMM, MICHAEL BENDER, PETER BONEPARTH, YAEL COSSET, CHRISTINE DAY, H. CHARLES FLOYD, ROBBIN MITCHELL, JONAS PRISING, JOHN E. SCHLIFSKE, ADRIANNE SHAPIRA, and STEPHANIE A. STREETER,

Defendants.

Case No. 2:22-cv-01016-LA

## DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO CONSIDER DOCUMENTS UNDER THE INCORPORATION-BY-REFERENCE DOCTRINE OR BY <u>JUDICIAL NOTICE</u>

Defendants respectfully submit this reply in support of their request that the Court consider Exhibits A through U (collectively, "Exhibits"), *see* ECF No. 56 ("RJN"), attached to the Declaration of Jordan D. Cook filed with Defendants' Motion to Dismiss the Amended Class Action Complaint ("Complaint" or "AC") for Violations of Federal Securities Laws ("Motion").[1] Those documents consist of Kohl's filings with the U.S. Securities & Exchange Commission ("SEC"), publicly-available press releases, and earnings call transcripts that are cited and quoted extensively in the Complaint and form the basis for Plaintiff's claims.

In a single paragraph of his thirty-page Opposition brief, Plaintiff summarily responds to the RJN by urging the Court to "disregard[]" arguments improperly relying on certain of the Exhibits for their "truth" under the doctrine of judicial notice.  *See* ECF No. 57 ("Opp.") at 7-8. The parties agree that Exhibits A through R may be considered by the Court for the independent reason that they are incorporated by reference in the Complaint; in fact, Plaintiff acknowledges that these Exhibits are "the very same documents the Complaint alleges contain misrepresentations."  *Id.* at 7; *see, e.g., Fryman v. Atlas Fin. Holdings*, 462 F. Supp. 3d 888, 894 (N.D. Ill. 2020) (incorporating by reference SEC filings, press releases, and conference call transcripts containing "the purportedly materially false statements, misrepresentations, omissions, and/or corrective disclosures that are the basis for Plaintiffs' securities claims and alleged losses"); *In re Harley Davidson, Inc. Sec. Litig.*, 660 F. Supp. 2d 969, 992 n.11 (E.D. Wis. 2009) (same for SEC filings and press releases).

Plaintiff argues only that certain Exhibits should not be considered to the extent that they are being offered for the "truth of the matters asserted therein."  Opp. at 7, 8.  Yet even Plaintiff's limited challenge to judicial notice fails.

---

[1] Terms not otherwise defined have the same meaning and definition as in the Motion.

1

*First*, Defendants seek to use the vast majority of the Exhibits to show what information was disclosed to the market; not for the "truth of the matters asserted." For example, Defendants cite to Exhibit H, a press release filed with the SEC and cited and quoted extensively in the Complaint (¶¶ 51-52, 127, 132, 134, and 173), merely to show that Kohl's "announced" an update on the potential sale of the Company and "publicly committed" to reviewing expressions of interest. Mot. at 6 (citing Ex. H). Plaintiff acknowledges, as he must, that this use is entirely proper at this junction. *See* Opp. at 7; *see also In re Shopko Sec. Litig.*, 2002 WL 32003318, at *2 (E.D. Wis. Nov. 5, 2002) (stating that courts may take judicial notice of SEC filings "to determine what disclosures the defendants made").

*Second*, to the extent Defendants *do* seek judicial notice of facts contained within SEC filings, it is well established that courts in this circuit may take judicial notice of the truth of undisputed factual statements contained in such documents. *See Pugh v. Tribune Co.*, 521 F.3d 686, 691 n.2 (7th Cir. 2008) (judicially noticing a company's undisputed stock prices contained in "documents in the public record" in affirming the dismissal of a securities class action); *In re Guidant Corp. Sec. Litig.*, 536 F. Supp. 2d 913, 921 (S.D. Ind. 2008) (stating that a court may take judicial notice of undisputed factual statements contained in SEC filings); *see also* Fed. R. Evid. 201 (permitting judicial notice of "facts not subject to reasonable dispute"). While Plaintiff purports to oppose judicial notice of facts, he does not identify which facts cited by Defendants, if any, he disputes. Opp. at 7-8. Just the opposite, Plaintiff relies on these very same facts himself. *Compare* Mot. at 3 (citing Exhibit A for the fact that the COVID-19 pandemic had a negative impact on Kohl's), *with* AC ¶¶ 61, 87, 171 (alleging the same); *compare* Mot. at 26-27 (citing Exhibit B for the fact that Kohl's implemented a strategic plan in October 2020), *with* AC ¶¶ 4, 29, 109 (alleging the same); *compare* Mot. at 12 n.4 (citing Exhibit I for the fact that Macellum

2

had stated it thought Kohl's was worth "$100 per share"), *with* AC ¶ 67 n.4 (quoting Macellum's statement that "Kohl's is easily worth $100 a share").[2] Accordingly, neither of Plaintiff's authorities supports his argument, as in each, defendants requested judicial notice of *disputed* facts for their truth. *See City of Sterling Heights Police & Fire Ret. Sys. v. Kohl's Corp.*, 2015 WL 1478565, at *4 (E.D. Wis. Mar. 31, 2015) (refusing to judicially notice facts "subject to reasonable dispute"); *In re Shopko*, 2002 WL 32003318, at *2 (rejecting request to judicially notice documents for the truth of disputed disclosures contained therein). Plaintiff does not and cannot refute that Defendants' request for judicial notice is appropriate under Fed. R. Evid. 201(b)(2).

*      *      *      *

For the reasons set forth above and in Defendants' RJN (ECF No. 56), Defendants respectfully request that the Court consider Exhibits A through U in adjudicating the Motion because they are incorporated by reference, subject to judicial notice, or both.

---

[2] Plaintiff disputes the proper *interpretation* of the statement that "Kohl's is easily worth $100 a share," but does not (and cannot) dispute Defendants' assertion that the statement was made.

3

Dated: February 20, 2024                Respectfully submitted,

/s/ *Colleen C. Smith*
Colleen C. Smith

**LATHAM & WATKINS LLP**
Colleen C Smith
12670 High Bluff Drive
San Diego, CA 92130
Telephone: (858) 523-5400
Facsimile: (858) 523-5450
colleen.smith@lw.com

Michele D. Johnson
Jordan D. Cook
650 Town Center Drive, 20th Floor
Costa Mesa, CA 92626
Telephone: (714) 540-1235
Facsimile: (714) 755-8290
michele.johnson@lw.com
jordan.cook@lw.com

Zachary L. Rowen
1271 Avenue of the Americas
New York, NY 10020
Telephone: (212) 906-1200
Facsimile: (212) 751-4864
zachary.rowen@lw.com

**GODFREY & KAHN SC**
John L. Kirtley
Matthew M. Wuest
Christie B. Carrino
833 East Michigan Street, Suite 1800
Milwaukee, WI 53202-5615
Telephone: (414) 273-3500
Facsimile: (414) 273-5198
jkirtley@gklaw.com
mwuest@gklaw.com
ccarrino@gklaw.com

***Attorneys for Defendants***

4